CHARLES II. INGERSOLL, RELATOR, v. VILLAGE OF SOUTH ORANGE ET AL., RESPONDENTS.

Submitted January term, 1925—Decided March 26, 1925

**Municipalities—Zoning—Apartment-house—Alleged Inadequacy of Fire Protection as a Reason for Refusal of Permit—Case Otherwise Under Ignaciunas v. Risley Ruling—Duty of Municipality to Supply Reasonably Proper and Adequate Protection—Peremptory Writ Issued, and Leave to Mold Pleadings in Event of Appeal.**

On alternative writ of *mandamus*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Edward L. Davis*.

For the respondents, *Thomas E. Fitzsimmons*.

PER CURIAM.

This matter was previously before this court upon a rule to show cause why an alternative or peremptory writ of *mandamus* should not issue. *Ingersoll* v. *South Orange et al.,* 2 *N. J. Misc. R.* 882. Therein this court held that the case fell within the principle of the Nutley case (*Ignaciunas* v. *Risley,* 98 *N. J. L.* 712); *Handy* v. *South Orange,* 118 *Atl. Rep.* 838, and *Vernon* v. *Westfield,* 1 *N. J. Adv. R.* 1031, and other cases, and "upon the reasoning underlying those cases we think the ordinance was outside of the powers conferred by the Zoning act, under the principle of the Nutley case, as decided in the Supreme Court, the act in question, in so far as it undertakes to limit the use of the land as to this, is unconstitutional. Ordinarily, this conclusion would justify the allowance of a peremptory writ and so conclude the case. The case, however, contains the following stipulation:

"It is admitted that the authorities would testify that the village has not sufficient fire facilities to adequately take care of apartment-houses in the event of fire. It is further admitted, however, that there are at the present time three apartment-houses existing in the said village which were constructed before the so-called Zoning law was passed by the state legislature."

The introduction of this provision, presenting a situation of public necessity upon which it is argued the inherent police power of the municipality for the general welfare may be invoked as a super-added power to the legislative zoning concession, injects into the case a new municipal feature, which up to this period has not received the consideration of the appellate court. For that reason we have concluded to allow an alternative writ of *mandamus.* For that purpose the pleadings may be so framed as to present the inquiry raised by this stipulation, upon appeal."

An alternative writ of *mandamus* issued and was served. There seems to have been no formal return, demurrer or other formal pleading according to the established practice

relating to alternative writs of *mandamus*. In lieu of a return there is an "agreed state of facts" and a return of testimony taken. We assume that we should deal with the matter as if proper and orderly pleadings had been filed.

A consideration of the matter leads us to the same conclusion as reached by the justices who sat in the proceeding upon rule to show cause, and whose conclusions are reported in 2 *N. J. Misc. R.* 882, *supra,* that aside from the question if insufficient fire protection the matter is controlled by *Ignaciunas* v. *Risley, supra.*

Upon the question of the lack of fire-fighting forces and inability to secure firemen to supplement and increase the present strength of that municipal department as a justification for the prohibition in the zoning ordinance against the erection of apartment-houses we are inclined to look with disfavor.

We think it is a plain duty resting upon the municipal authorities of the village to furnish and provide to its inhabitants reasonably proper and adequate fire protection. We think it would be unreasonable to hold that the adequacy of such a department should be maintained by restricting building and construction, but that, on the contrary, such adequacy should be maintained and keep step with increases in buildings and resulting increase of fire hazards by increasing and enlarging the fire department in men, apparatus and efficiency.

We conclude, therefore, that a peremptory writ of *mandamus* issue. Leave to mold the pleadings in case of an appeal may be had if the pleadings as now before us are considered insufficient to permit an appeal.