ALVIN F. WILLIAMS ET AL., RELATORS, v. GEORGE M. GAGE, BUILDING INSPECTOR OF THE CITY OF RAHWAY, NEW JERSEY, RESPONDENT.

Submitted June 9, 1925—Decided October 5, 1925.

Zoning—Gasoline Station in Residential District—Case Controlled by Ignaciunas v. Risley—Appeal Need Not Be Taken to Building Committee—Relators Complied With Chapter 146, Laws of 1924—Probable Lowering of Property Values Not a Defense if Property is Used in Manner Not Detrimental to Public Health, Safety or General Welfare—Fire Hazard Increase Not a Defense.

On rule to show cause why *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relators, *Stamler, Stamler & Koestler.*

For the respondent, *Hyer & Armstrong.*

PER CURIAM.

This case is before this court upon a rule which directs the building inspector of the city of Rahway to show cause why a writ of *mandamus* should not issue commanding him to issue a permit for the erection of a gasoline station at the corner of St. George and Linden avenues, in the city of Rahway, upon an unrestricted tract of land owned by two of the relators, Harold Depew and John J. Stamler, and under contract of sale to the third relator, Alvin F. Williams. The plans for the station submitted to the building inspector are conceded to be such as would command his approval. The refusal is based upon the ground that the tract of land is within a residential district as defined by a zoning ordinance enacted by the city of Rahway. There is nothing before us which shows that the building contemplated to be erected is against public health, safety or public

welfare. This case is controlled by the case of *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed*, 2 *N. J. Adv. R.* 852.

The same question is presented in a somewhat different aspect in the case of *Sarg* v. *Hooper*, 3 *N. J. Mis. R.* 364, where the prosecutor of a writ of *certiorari* was convicted of violating the zoning ordinance of the borough of Haworth by the erection and use of a gasoline station upon his property. The conviction was set aside on the ground that the ordinance under which the conviction was had was unconstitutional.

The city of Rahway contends that, under the building code, an appeal should have been taken to the building committee. An examination of this provision of the ordinance shows that an appeal from a decision of the building inspector is only for the purpose of passing upon the building inspector's refusal to grant a permit where the mode or manner of the construction or materials to be used has been questioned. In the present case there is no contention that the method of construction and materials to be used are improper. The relators had complied with chapter 146 of the laws of 1924, and presented an application for a permit to the board of zoning adjustments, which had been denied. The respondent contends that the *certiorari* of the action of this board is the proper remedy. This would be inefficacious. It is not the proper remedy. *Union County Development Co.* v. *Kaltenbach*, 3 *N. J. Mis. R.* 341.

The respondent further contends that the refusal to grant the permit was justified because a gasoline station in the locality would tend to lower real estate values. There is in the record opinion evidence to this effect. This is no defense. There is probably some property owner in every locality who entertains a belief that the erection of any new building in the vicinity of his property will tend to lower the value of his property. The owner of property is not required to conform to the ideas, aesthetic or otherwise, of other property owners as to the use he may make of his property, provided he uses it in a manner which is not detrimental to the

public health, safety or general welfare. If property owners were obliged to conform to the opinions of others as to the use their property should be put, few communities would ever emerge from their primitiveness.

The last ground urged by the respondent to sustain its refusal to issue a building permit is that the fire hazard would be increased by the erection of the gasoline station at the point proposed and the safety of the public thereby endangered. This argument was considered and held to be unsubstantial in the case of *Ingersoll* v. *South Orange*, 3 *N. J. Mis. R.* 335; affirmed by the Court of Errors and Appeals, 3 *N. J. Adv. R.* 1407.

A writ of peremptory *mandamus* will be awarded. If an appeal is desired an application for an order to mould the pleadings will be entertained.