TOWN OF ISLIP, Appellant, *v.* F. E. SUMMERS COAL AND LUMBER COMPANY, INC., Respondent, Impleaded with Others.

In the Matter of the Application of F. E. SUMMERS COAL AND LUMBER COMPANY, INC., Respondent, *v.* WARREN C. HAFF, as Town Clerk of the Town of Islip, Appellant.

(Argued June 11, 1931; decided July 15, 1931.)

168

*Robert H. Koehler* for appellant. The ordinance is a valid enactment under the Town. Law and is wholly within the purposes provided in the statute. (*Lincoln Trust Co.* v. *Williams*, 229 N. Y. 313; 43 C. J. § 363; *Morrison* v. *Pettigrew*, 14 Fed. Rep. [2d] 453; *Heerat* v. *Portland*, 8 Fed. Rep. [2d] 871; *Bacon* v. *Walker*, 204 U. S. 311; *Wulfsohn* v. *Burden*, 241 N. Y. 288; *People* v. *Weller*, 207 App. Div. 337; *Damman* v. *Milwaukee*, 139 Wis. 356; *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 388; *Spector* v. *Building Inspector*, 250 Mass. 63; *So. Pacific Co.* v. *Portland*, 177 Fed. Rep. 958; *People ex rel. Publicity Leasing Co.* v. *Ludwig*, 218 N. Y. 540; *People* v. *Schweinler Press*, 214 N. Y. 395.)

. *Guy O. Walser* for respondent. The ordinance is unconstitutional and void. (*Stubbe* v. *Adamson*, 173 App. Div. 305; 220 N. Y. 459; *Atlantic* v. *Goldsboro*, 232 U. S. 548; *City of Rochester* v. *Macauley*, 199 N. Y. 207; *People* v. *Schweinler Press*, 214 N. Y. 395; *Lincoln Trust Co.* v. *Williams*, 229 N. Y. 313; *Morrison* v. *Pettigrew*, 14 Fed. Rep. [2d] 453; 43 C. J. § 363; *Wulfsohn* v. *Burden*, 241 N. Y. 288; *Heerat* v. *Portland*, 8 Fed. Rep. [2d] 871;

*Bacon* v. *Walker,* 204 U. S. 311; *People* v. *Weller,* 207 App. Div. 337; *Damman* v. *Milwaukee,* 139 Wis. 356; *Village of North Pelham* v. *Ohliger,* 216 App. Div. 728; 245 N. Y. 593; *Matter of Rogers Avenue,* 29 Abb. N. C. 361; *People* v. *N. Y. C. & H. R. R. R. Co.,* 206 N. Y. 274; *Forster* v. *Scott,* 136 N. Y. 577; *Matter of City of New York,* 196 N. Y. 255.)

POUND, J. The question is whether the zoning ordinance of the town of Islip is unconstitutional in so far as it requires a set back of ten feet from the street on that part of Montauk avenue which is zoned for business purposes. The court below has held that such ordinance is detrimental and prejudicial to the use of the premises for building purposes and unconstitutional as a taking of private property for public purposes without just compensation.

Can it be said that the ordinance in this respect on its face " passes the bounds of reason and assumes the character of a merely arbitrary fiat? " (*Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 389.) " If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." (*Village of Euclid* v. *Ambler Realty Co.,* *supra,* p. 388; *Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 296.)

In the light of these rulings how can a court say upon mere inspection of the zoning ordinance that the end in view is not reasonably pursued by its adoption in order to lessen congestion in the streets and thereby to promote the public safety? (Town Law; Cons. Laws, ch. 62, § 349-o.)

In the monograph entitled " Buildings: Their Uses and Spaces about Them," in " Regional Survey of New York and its Environs " (Vol. VI, at p. 135) we find the suggestion that: " One of the most simple and necessary preventives of overbuilding of business blocks is to require that when blocks occupied by dwellings are

converted into business or apartments, the original set-back of the residences, *up to 25 feet at least,* should be retained. The space that the private residence has for purposes of amenity is usually no more than business or apartment buildings occupying the same block need for purposes of access," and at page 136 appears the following: " When we come to consider the need of adequate space about stores for purposes of access and parking of vehicles we will find that what are wanted are wider streets and deeper lots rather than increased frontage. But the really important questions are the distribution of the store frontage throughout the community and the preservation of adequate open space about the business buildings, in the places where it is wanted to enable business to function efficiently. In many suburban store districts there is ample space in the aggregate, but it is not properly distributed so as to give satisfactory means of access, space for loading and unloading, room for parking without interference of through traffic, and sufficient light and ventilation. In most business districts existing space needs to be better distributed. With adequate zoning regulations sufficient space could be provided about each group of business buildings to meet all their needs without increasing their frontages."

It thus appears that a wise public policy may require the owners of new buildings in business districts under proper conditions to set their buildings back from the street in order to enable their business to function without congesting the streets. (*Gorieb* v. *Fox,* 274 U. S. 603.)

The correct rule to apply where " underlying questions of fact may condition the constitutionality of legislation of this character " is to uphold the presumption of constitutionality in the absence of " some factual foundation of record for overthrowing " it. (*O'Gorman & Young, Inc.,* v. *Hartford Fire Ins. Co.,* 282 U. S. 251, 257.)

It does not appear upon the face of the ordinance or

from any facts of which the court must take judicial notice that in Islip evils do not exist for which this zoning ordinance is a proper remedy. The record does not show unreasonableness. In the like case of *Village of North Pelham* v. *Ohliger* (245 N. Y. 593) the required setback was four feet instead of ten. This court refused to hold the ordinance void on its face.

A peremptory order of mandamus should not have been granted, nor should judgment have been given against the town in this action on the record below.

The judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.