JACK HIRSCHORN, RELATOR, v. JOHN CASTLES, WILLIAM B. ROSS AND THE MAYOR AND COMMON COUNCIL OF THE TOWN OF KEARNY, RESPONDENTS.

Argued January 16, 1934—Decided August 17, 1934.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the relator, *Spaulding Frazer.*

For the respondents, *Arthur B. Archibald.*

The opinion of the court was delivered by

Heher, J.   The alternative writ of *mandamus* alleges, *inter alia,* that relator sought municipal authority to erect upon lands situate in the Town of Kearny, and possessed by him under a lease, a one-story building, thirty feet by twenty-six feet, for use as a gasoline filling and service station, and to install "on said premises" four gasoline pumps and three

underground gasoline tanks; that his application for the necessary permit, presented to the building inspector, was referred to the mayor and council for action, and was subsequently denied by the latter body, without the assignment of a reason therefor; that the lands in question are situate in a district designated, in the zoning ordinance, as a "business district," and that this ordinance permits in such a district the operation of garages and filling stations; and that the refusal of the municipal authorities to issue the necessary permit constitutes a violation of the rights guaranteed to relator by the federal and state constitutions.

The return admits, in the main, the averments of the writ, except those charging a deprivation of constitutional rights, and sets up, in justification of the denial of the application, that the maintenance and operation of a gasoline filling and service station upon relator's premises would be contrary to the public interest, in that (1) it would constitute a menace to the safety of the users of the adjoining sidewalks; (2) it would menace the safety of motorists operating upon the adjoining highway, which is the main highway of the municipality, and is used for the operation of trolley cars of the Public Service Railway Company; (3) it would menace the safety of school children, whose schoolhouse is located two blocks away; (4) the premises are located in a congested area, and the storage of gasoline in underground tanks would increase the fire hazard; and (5) the proposed building would tend to depreciate the value of surrounding properties, and would impair the health of the residents of the vicinity, because of the "noise, loathsome smells, congestion of traffic and other deleterious influences," attending the operation of such a service station. There was a further allegation that residents of the neighborhood presented to the council a remonstrance against the granting of the permit. Relator interposed a demurrer to the return.

A demurrer is an admission of all facts that are well pleaded in the return, but not of conclusions of law stated therein. The sole question presented, therefore, is whether justification for the refusal to issue the requisite permit is

shown by the allegations of the return, and it must be resolved in the negative. Concededly, the proposed building, and the incidental construction work to make it suitable for the purposes for which it was designed, as shown by the plans which accompanied the application, did not, in any respect, contravene the provisions of the zoning ordinance, the building code, or any other municipal law or ordinance. The business to be conducted upon the premises is permissible, under the terms of the zoning ordinance, in the district, created by its provisions, in which the lands are located. This ordinance does not provide that the assent of the building inspector or municipal governing body is a prerequisite to the exercise of the right to conduct a business of this character in the "business district" created thereby. In these circumstances, the withholding of the requested permit was arbitrary, capricious and unreasonable. *G. M. S. Holding Corp.* v. *Hague,* 100 *N. J. L.* 401; *Deerfield Realty Co.* v. *Hague,* 8 *N. J. Mis. R.* 637; *Bowen* v. *Jersey City,* 4 *Id.* 228. In the following cases the reasons advanced by respondents in justification were held to be frivolous: *Krumgold* v. *Jersey City,* 102 *N. J. L.* 170; *Karke Realty Associates* v. *Jersey City,* 104 *Id.* 173; *Ingersoll* v. *South Orange,* 3 *N. J. Mis. R.* 335; *affirmed,* 102 *N. J. L.* 218; *Williams* v. *Gage,* 3 *N. J. Mis. R.* 1095; *Reimer* v. *Dallas,* 129 *Atl. Rep.* 390; *Mangiello* v. *Jersey City,* 6 *N. J. Mis. R.* 536. It is not made to appear that the pumps are to be installed, and the tanks constructed, on the sidewalk of a public street, as in *Silvester* v. *Princeton,* 104 *N. J. L.* 18.

We are not to be understood, by the citation of this line of cases, as challenging, by implication, the power of the municipal governing body to reserve, in the exercise of the authority conferred by the Zoning act (*Pamph. L.* 1928, *p.* 696), control over the number and location of gasoline service stations in the zones in which they are not prohibited by the terms of the zoning ordinance. It may well be that, due to the traffic, fire and other hazards incident to the operation of such stations, this use is subject to special regulation. But there was no such reservation of control in the instant case,

and we are not, therefore, required to pursue the matter further.

Respondents urged for the first time on the argument that relator's interest in the lands in question is not such as to entitle him to the permit sought. The denial of the permit was not rested upon this ground, and it is not set up by way of justification, or otherwise, in the return. In the circumstances, respondents are not entitled to have it considered here. Compare *Reimer* v. *Dallas, supra.* Such a rule is a primary requisite to orderly and just procedure.

The demurrer will therefore be sustained, and a peremptory writ of *mandamus* awarded.