MARION W. MCCARTER and Others, Respondents, *v.* CHARLES D. BECKWITH and Others, Appellants.

Second Department, January 31, 1936.

*Albert Ritchie* [*Frederick H. Seacord, Jr.*, with him on the brief], for the appellants.

*John J. Dillon*, for the respondents.

CARSWELL, J. The three plaintiffs and defendant Beckwith own adjacent valuable residential properties at the southerly end of New Rochelle in a section known as Davenport Neck. Beckwith's property is at the extremity of Davenport Neck, and on its southerly side is lapped by the waters of Long Island sound. By artificial means he transformed the mud flats into a beach. He leased the parcel to the defendant club for $6,000 a season. The club sold five-dollar season tickets to its members for the use of the beach property. It also sold individual tickets for twenty-five cents each to those without a season ticket. Certain individuals were excluded, based on rulings made by defendant McIlvrid on behalf of the club. Sales of refreshments were made, beach umbrellas rented, and a charge made for parking automobiles. The individual defendants were connected with the activities of the corporate defendant or club. None of them received any money, except that rent was paid to Beckwith, and McIlvrid got a fifty-dollar a week salary.

The court found upon amply sustaining evidence that the club operation was a " sham * * * designed to conceal the fact

that the said beach * * * was open to the use of the general public as a bathing beach operated for commercial purposes."

Access to the Beckwith property was over a fifteen-foot right-of-way which ran across the lands of the three plaintiffs. Those patronizing the beach interfered with plaintiffs' use of that right-of-way, overran their property, trampled flower beds, uprooted lawns, parked cars on the private property, and did great damage in general.

Plaintiffs sought, in this action, a permanent injunction restraining defendants from using the Beckwith property as a bathing beach. After a trial, a judgment was entered permanently enjoining defendants from violating the rights of plaintiffs in so far as they were embodied in a zoning ordinance of the city. From that judgment the defendants appeal.

All the parcels of property are located in what the zoning regulations of June 13, 1929, describe as "Residence 'A' Districts." The pertinent activities occurred in 1933, when the Pulpit Rock Beach Club was formed and incorporated and the lease made to it by defendant Beckwith.

The first contention of defendants is that a bathing beach so operated is permissible under section 1 of the Zoning Ordinance. That section provides that in a residence " A " district " no building or premises " shall be used except for certain specified purposes, among which are those set out in two subdivisions, reading:

" (e) Municipal recreation buildings, playgrounds, parks and municipal buildings. * * *

" (i) Club house if approved by the Board of Appeals as hereinafter provided but in any case not to be used for any activity commonly conducted as a business."

The trial court decided that a private beach was not permissible under the foregoing subdivision e; that the subdivision merely authorized municipal parks and playgrounds, and further that the words " parks " and " playgrounds " did not authorize a user for a bathing beach. Defendants urge that a " bathing beach " is included within the terms " parks " and " playgrounds " and, therefore, that defendants' activities do not violate the zoning regulation.

The term " bathing beach " is to be construed in its ordinary sense and meaning. The context indicates it is not to be fairly interpreted to come within the terms " parks " and " playgrounds." But assuming that the term " bathing beach " is included within " parks " and " playgrounds," the user would still be unauthorized. The defendants contend that the words " playgrounds " and

" parks " are not limited to municipal activities and that the word " municipal " preceding " recreation buildings " does not modify or limit the words " playgrounds " and " parks." It is urged with some plausibility that the use of the word " municipal " prior to " recreation buildings " at the beginning, and prior to the word " buildings " at the end of that sentence, indicates that the only structures which are required to be of a municipal character are " recreation buildings " and " buildings " generally, and that playgrounds and parks may be private playgrounds and parks. The difficulty with this view of subdivision (e) is that it fails to recognize that the entire sentence is concerned generally with municipal structures or uses. Therefore the fair interpretation of the sentence is that the word " municipal " modifies not only " recreation buildings " but also the succeeding words " playgrounds " and " parks." This view ensues from the general purpose of the sentence and the fact that parks and playgrounds are almost invariably maintained by a governmental agency, State, city or village, and that private parks and playgrounds are the exception rather than the rule. If it were intended that " parks " and " playgrounds " were to include private as well as municipal enterprises or structures, the authorization on that broad ground would not have been interpolated into a sentence concerned generally with municipal structures or uses. Hence, we conclude that the activities of these defendants were unauthorized and illegal.

Defendants contend that if that interpretation be sustained, then the zoning regulations are unconstitutional and invalid and may not be enforced against them. The validity of these ordinances has been sustained (*City of New Rochelle* v. *Beckwith*, 268 N. Y. 315, 317), where, without discussion, the court, per LEHMAN, J., stated: " The power of the city to adopt the ordinance is clear." Apart from this, the ordinance must be sustained. A zoning ordinance becomes invalid only when it " passes the bounds of reason and assumes the character of a merely arbitrary fiat." (*Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365; *Town of Islip* v. *Summers C. & L. Co.*, 257 N. Y. 167.) The wisdom or unwisdom of discriminating between municipally owned parks and playgrounds and such as are privately owned is a legislative problem. There is nothing unreasonable in the classification that makes a distinction between municipally owned and privately owned playgrounds and parks. In the former, the commercial element is not likely to be present, or, if present, it is not likely to be dominant, while in the latter it is, with consequent damage to neighboring properties. Moreover, municipally owned parks or playgrounds can be more readily regulated than those privately owned or operated.

Hence, there is a basis in reason for making the distinction; and where that basis exists, classification may not be said to be beyond "the bounds of reason" or to "assume the character of a merely arbitrary fiat."

Defendants urge that the judgment is improper in form. It is said that the third decretal paragraph improperly interpolates the word "municipal" before the words "park" and "playground." The ordinance has been properly construed as if it were so used, and, therefore, the judgment in this particular is correct.

It is said that the first decretal paragraph in specific language improperly restrains the use of the Beckwith premises, with language permitting appropriate user by the Beckwith family. This specific language is based on credited evidence and is essential to an enforcible judgment, so that it may not be asserted, if enforcement is sought, that it lacks language of a requisite clear and specific character. The prior illegal user detailed in the evidence necessitates and justifies the provision.

The same may be said of the criticism of the second decretal paragraph. Specified commercial activities in violation of the zoning ordinance were indulged in according to the credited evidence. Those acts are properly made the subject of language specifically enjoining their recurrence.

The final criticism is that there should be a provision in the judgment that the injunction is not to be availed of if the zoning regulations be amended. Parties are not required to anticipate what may be done in this respect. If the ordinance is amended, upon the basis of such action the defendants are free to seek relief from the terms of the judgment by appropriate means.

The judgment should be affirmed.

Present — HAGARTY CARSWELL, DAVIS, JOHNSTON and TAYLOR, JJ.

Judgment for the plaintiffs, in so far as appealed from, unanimously affirmed, with costs.