ORVILLE V. MESLAR, RELATOR, v. TOWNSHIP COMMIT-
TEE OF THE TOWNSHIP OF DENVILLE, RESPOND-
ENTS.

Submitted May 17, 1936—Decided July 11, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the relator, *Orville V. Meslar.*

For the respondents, *Frederick C. Henn.*

The opinion of the court was delivered by

PERSKIE, J.  This cause is before us on a demurrer to a
return to an alternative writ of *mandamus.*  The question
requiring decision is whether respondents were legally justi-
fied in refusing the relator a license to erect and construct
a gasoline filling station.

The alternative writ of *mandamus* alleges, *inter alia,* that
on August 2d, 1935, in conformity with the provisions of the
zoning ordinance of the township of Denville, relator filed a
written application with the clerk of said township for per-
mission to erect and construct a gasoline filling station at a
cost of $4,000 on a plot of land within the township.  This
plot is at the intersection of two state highways.  Four other
filling stations are in the immediate vicinity—two within
two hundred feet of relator's land, and two more within two
hundred and fifty feet.  Within two thousand feet on the
same side of the street is a public grade school, and between
the school and the plot in question are several private dwell-
ings.  There is also a fire house containing municipal offices

within five hundred feet on the opposite side of the street from relator's land. Respondents denied the application.

The return admits, in the main, the material averments of the writ, and sets up in justification thereof that (1) Relator did not apply for a building permit under the building code. (2) The municipality has a right to regulate the storage, sale and handling of highly inflammable and explosive materials. (3) The township had discretion in the issuance of the permit and did not abuse such discretion. (4) The township had no knowledge as to the style or type of building and with due regard for the general welfare properly refused the application.

The relator demurred. Does the return justify the refusal to issue the permit? We think not. It is uncontradicted that the business to be conducted in the district in which the lands are located is permissible. No where is it made to appear that the zoning ordinance, upon which the application is predicated, requires the assent of the building inspector as a prerequisite to the right to maintain a gasoline filling station in this particular zone. It is well settled that filling stations do not involve such an increase in the fire hazard or such danger to the public safety as to justify the refusal of a permit for their erection. *Ingersoll* v. *South Orange,* 3 *N. J. Mis. R.* 335; 128 *Atl. Rep.* 393; *affirmed,* 102 *N. J. L.* 218 (2); 130 *Atl. Rep.* 721 (1); *Williams* v. *Gage,* 3 *N. J. Mis. R.* 1095; 130 *Atl. Rep.* 721 (2); *Mangiello* v. *Jersey City,* 6 *N. J. Mis. R.* 536; 142 *Atl. Rep.* 179. Nor is it here made to appear that there was any reservation of control by the municipal governing body over the number and location of gasoline service stations in the zones in which they are not prohibited by the zoning ordinance. In fine, the facts and issues involved in this case are strikingly similar to those in *Hirschorn* v. *Castles,* 113 *N. J. L.* 277; 174 *Atl. Rep.* 211. In that case we held that where premises to be erected in a municipality are suitable for the purpose for which it is designed, and the business to be so conducted is permissible under the terms of the zoning ordinance in the district in which the lands are located, and the zoning ordi-

nance does not require the assent of the building inspector or the municipal body as a prerequisite to the right to conduct a business of the character proposed, the refusal of the requested permit was arbitrary, capricious and unreasonable. That holding controls and is dispositive of the case at bar.

The demurrer will therefore be sustained, and a peremptory writ of *mandamus* awarded.