CHARLES E. BASHLOW, TRADING AS BASHLOW BROTH-
ERS, RELATOR, v. CITY COUNCIL OF THE CITY OF
CLIFTON, RESPONDENT.

Argued May 6, 1937—Decided July 7, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the relator, *Harry Kampelman.*

For the respondent, *John G. Dluhy.*

BODINE, J. This matter comes before the court on a rule
to show cause why a peremptory or alternative writ of *man-
damus* should not issue commanding the city council of Clif-
ton to issue to the relator a permit authorizing him to install
a gasoline tank and pump to be used for the sale of gasoline
for retail purposes on premises located at No. 37 Madison
avenue. He has had a permit for private use in his coal
business for years.

The site is in an industrial zone. An ordinance of the city
as amended October 19th, 1926, so far as pertinent, provides
as follows: "No person, firm, or corporation shall install any
gas tank or pump upon private property in the city of Clifton
to be used for the sale of gasoline for retail purposes without
first obtaining a permit therefor. Application for such per-
mit shall be made through the office of the city clerk who
shall bring it before the police and, fire committee for investi-
gation, and if the application is approved by them, permission
to install such tank or pump *may be granted* by the city
council."

The chief of police approved the permit but the city council, when the matter was brought before it, after a full hearing afforded to both the applicant and objecting property owners in the vicinity, refused the permit on the grounds, among others, that the installation would create a fire hazard and a dangerous traffic condition.

A somewhat similar ordinance was before the Supreme Court in the case of *Silvester* v. *Princeton,* 104 *N. J. L.* 18. The relator in that case as in this does not challenge the ordinance but seeks a review of the action of the city council in denying him a permit. "Since the action of the municipal authorities upon such an application is discretionary, and not ministerial, then when, as here, the application was denied, *mandamus* will not lie to compel the authorities to grant it, in the absence of fraud or abuse of discretion (*State* v. *Essex County,* 23 *N. J. L.* 214; *Conger* v. *Middlesex County,* 55 *Id.* 112; *Uszkay* v. *Dill,* 92 *Id.* 327), the presumption being that such refusal was based upon proper motives and valid reasons. *Buffalo* v. *Hill,* 79 *N. Y. App. Div.* 402." *Silvester* v. *Princeton,* 104 *Id.* 18; *Hudson Royal Restaurant* v. *Jersey City,* 10 *N. J. Mis. R.* 629.

There is nothing in the record before us to indicate either fraud upon the part of the city council or abuse of discretion. The premises abut the right of way of the Erie Railroad. Across the way is a public plot of land upon which a war memorial had been built. Beyond the premises is a lumber yard. The traffic conditions seem to be unusually heavy at the point. Proofs indicate that if the permit were granted the insurance rates on the buildings of many other owners of property in the vicinity would be considerably increased. The refusal was well within the exercise of a sound discretion. The relator relies on *Hirschorn* v. *Castles,* 113 *N. J. L.* 277. But it is clearly indicated in that case that the ordinance in question did not provide that the consent of the municipal governing body was a pre-requisite to the installation of the tank for the storage of gasoline. The rule there followed and also in *Meslar* v. *Township of Denville,* 14 *N. J. Mis. R.* 497; 186 *Atl. Rep.* 55, is, therefore, not applicable.

The rule will be dismissed.