JOSEPH L. CARROLO *vs.* ZONING BOARD OF THE TOWN
OF WESTERLY.

JULY 9, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This matter is before us by reason of a petition filed by Joseph L. Carrolo for a writ of *certiorari* to review a decision by the zoning board of the town of Westerly. By this it denied his application for a permit to erect, on a certain lot of land located in a district zoned as a business district in that town, a building to be used for a merry-go-round and a picture arcade. The writ was issued as prayed and the record, duly certified, of the proceedings before the zoning board on that application is now before us.

The following facts appear from this record. The lot in question is ninety-five feet by sixty-five feet and the proposed building would be ninety-five feet by sixty-two feet, leaving on one side a strip only three feet wide not covered by the building. This lot is part of a much larger tract of land of which the petitioner is lessee with a contract of purchase, the rest of this larger tract being located outside of the business district.

The petitioner contended before the board, and has contended before us, that the use to which the proposed building could and would be put, under the permit sought, would be a proper use under certain language in paragraph 4 of section 3 of the zoning ordinance, that section being entitled: "Business District Uses", and having five numbered paragraphs, which set forth the various permitted uses. This language is as follows: "4. Any use not provided for as a permitted use in any other district, provided such use is not noxious or offensive by reason of the emission of dust, odor, smoke, gas, fumes, noise or vibration."

Only one contention was made before the board, or was made before us, in support of a conclusion that there was a

use provided for, as a permitted use, in any other district, which would cover the use to which the petitioner's lot is to be put under his application for a permit. This contention was that his intended use is for an "Amusement park", which is stated as a permissive use under section 4 of the ordinance, entitled: "Commercial District Uses."

If the use to which the petitioner's lot is to be put, according to his application, is properly classified as that of an amusement park, it is clear that the permit could not properly be granted. The board, after consulting legal counsel and receiving from him a written opinion. that it should be so classified, decided accordingly and therefore, on that ground alone, denied the application. The sole question before us is whether this was a proper classification.

That the lot and building here involved were, under the petitioner's application, to be used for amusement purposes is clear. But could it be properly held that the use for which a permit was sought was as an "amusement park"? The definition of "park", which comes nearest to covering this situation, in the second edition of Webster's New International Dictionary, Unabridged, is: "A piece of ground, in or near a city or town, kept for ornament and recreation and usually enclosed."

By the Century Dictionary, it is defined as "a piece of ground, usually of considerable extent, set apart and maintained for public use and laid out in such a way as to afford pleasure to the eye as well as opportunity for open-air recreation." The other definitions which have been called to our attention seem to be quite similar to the above.

The only reasoning, in support of the decision of the board on this point, which seems to us to have any force or plausibility is that the petitioner's lease covered also a rather considerable tract of open land adjacent to the lot on which his proposed building would be erected, if the permit applied for by him be granted; that he stated to the board that "he caters to children and their mothers, to picnic and Sunday school parties"; and that his counsel stated to the board that

the petitioner would park his patrons' cars, without charge, on this other tract of land, which is not zoned for business.

Upon careful consideration, we are of the opinion that the facts stated by the petitioner and his counsel as to the uses to which this adjacent land would be put by him, if his petition for a building permit were granted, did not justify the board in classifying the use to which this proposed building would be put, if the permit applied for by him were granted, as an amusement park use, permissible under section 4, but not under section 3 of the zoning ordinance.

We therefore find that the respondent board was wrong in denying the petitioner's application on the ground that it should be treated as one for a permit to operate an amusement park, a use not permissible in a business district, which ground was the only one upon which it based its denial of that application.

The decision of the zoning board of the town of Westerly is reversed; and it is ordered that a copy of this opinion be transmitted to that board.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for petitioner.

*Edward W. Day,* for respondents.