In the Matter of LEVITT AND SONS, INCORPORATED, Petitioner, against JOHN C. YOUNG, as Chief Building Inspector of the Town of Hempstead, Respondent.

Supreme Court, Special Term, Nassau County, August 14, 1947.

*Ira G. Goldman* for petitioner.

*George R. Brennan* for respondent.

FROESSEL, J. This is a proceeding pursuant to article 78 of the Civil Practice Act "for an order directing the respondent forthwith to approve the petitioner's application for a building permit and to issue such permit." Upon the return day of the application, both court and counsel agreed that triable issues were presented, and a trial thereof has since been held.

Petitioner is the owner of approximately 425 acres of land at Island Trees, near Hicksville, in the town of Hempstead, Nassau County. It has started to develop its said land as a planned suburban residential community, consisting of approximately 2,000 one-family dwellings for rental to veterans. On June 18, 1947, petitioner filed with respondent an application for a permit to construct one of the aforesaid dwellings. On June 23, 1947, respondent rejected the said application with an indorsement thereon as follows: " June 23, 1947 — Disapproved for viola-

tion of Art. VII, Sect. 706, Subd. ' g ' as refers to sheathing on exterior walls on frame buildings. John C. Young ".

Subdivision " g " of said section and article of the town's building code provides, so far as pertinent here, as follows: " All sheathing of exterior walls on frame buildings, * * * shall be not less than three-quarters of an inch in thickness and shall be No. 2 common grade or better, dressed two sides." This building code was adopted in 1936, and amended in 1938, pursuant to the authority of section 130 of article 9 of the Town Law. Said statute, so far as applicable here (§ 130, subd. 1), authorizes the Town Board to enact and amend a building code " Regulating the manner of construction, alteration, removal and inspection of buildings and structures of every nature and description erected or proposed to be erected in said town, and the materials to be used therefor * * * and prohibiting any construction * * * which does not comply with such regulations * * *." The proper enactment of the building code and its amendments is not in issue. The sheathing proposed to be used by petitioner in the building, as well as in all other buildings in its present development, is 5/16-inch sheathing-grade plywood, instead of ¾-inch No. 2 common grade or better lumber, as required by the code. It is conceded that there is no other objection to said application.

Petitioner maintains that said 5/16-inch plywood sheathing is equal or superior to the ¾-inch ordinary wood sheathing required by the code, as regards rigidity, strength, nail bearing and all other qualities required in a material used for sheathing for side walls of a frame dwelling. In its petition, it claims that when such plywood sheathing is nailed with barbed nails such as the petitioner proposes to use, its superiority is even more marked, but at the trial it offered instead to clinch the nails by hammering them over against the interior of the sheathing. It further maintains that said provision of the building code is arbitrary, unreasonable, capricious, and without any necessary relation to safe and adequate construction standards, and that accordingly said provision is invalid in law, and constitutes an excessive exercise of the power to enact or amend a building code, delegated to towns by the State of New York under the aforesaid provision of the Town Law. It also urges that the installation of plywood as compared with ordinary wood sheathing is time saving, and more economical to the extent of between $75 and $80 per house.

To support its views petitioner, upon the hearing, called the following witnesses: The president of the petitioner, its super-

intendent in charge of construction, a representative of the Douglas Fir Plywood Association, an officer of a lumber company selling plywood to the petitioner, an architect and a testing engineer. Petitioner also called a local builder of Glenbrook, Connecticut, who had used plywood sheathing in several houses built in Stamford, Connecticut, in 1937; he testified with respect thereto, and also concerning a test made by petitioner a few days prior to the trial on one of his houses. Evidence was also adduced indicating that the Federal Housing Administration and other agencies accepted 5/16-inch plywood for sheathing as a minimum, requirement, as well as to certain laboratory tests.

The respondent building inspector, a civil engineer with thirty-five years of experience in the engineering and building field, since his graduation from Brooklyn Polytechnic Institute, testified in his own behalf. Since 1937, he has been Chief Inspector of the Building Department of the Town of Hempstead, which is the largest township in the United States, having a population of over 300,000. He stated that the present application is the first one presented to his department for permission to use plywood sheathing, and that except for the adjoining town of North Hempstead, he knew of no other locality on Long Island that permitted such sheathing. He also testified regarding recent tests he had made as to the respective nail holding qualities of 5/16-inch and ½-inch plywood and ¾-inch ordinary sheathing boards.

The respondent further testified in effect that if the petitioner had offered to use ½-inch plywood, he would be disposed to recommend to the Town Board its allowance, but under no circumstances could he do so with regard to 5/16-inch plywood, which he considered definitely inadequate. It is interesting to note in this connection that even petitioner's witness, Colonel Allen, who frankly admitted that plywood is not yet generally used, as here proposed, in the building industry, though he thought it should be, stated in effect that, if used, whether it should be 5/16-inch or ½-inch "might be the subject of different opinion of two architects or two building contractors." While the use of ½-inch plywood is not before me, this testimony has some relevance as to whether or not the respondent here has been acting arbitrarily, as claimed by the petitioner. In the same connection, it is undisputed that the town officials, in consenting to eliminate the requirement of cellars in petitioner's proposed dwellings, and in many other respects, have shown every co-operation toward petitioner's development.

The respondent called as an additional witness, a carpenter builder, who testified as to what he found with respect to the 5/16-inch plywood installed in one of the houses which petitioner built less than a year ago in the adjoining township of North Hempstead, at East Roslyn. Demonstrations were also given at the close of the trial.

From the evidence adduced, it would appear that the issue here presented is still an open one in the building industry, in the city of New York as well as in most parts of the country. The use of 5/16-inch plywood as a sheathing material has not yet been approved by the Building Officials' Conference of America, although it is " listed as a sheathing material " in the draft of a basic building code for the whole country now under consideration. The fact that some agencies accept it as a minimum standard is not sufficient justification to warrant this court in effect to compel its adoption by a municipality at the present time, and in the absence of a more extended experience over a period of time. Some discretion must be left to municipal authorities in connection with their building requirements in their endeavor to secure and maintain reasonable safety standards. I am not satisfied on the record before me that 5/16-inch plywood is equal to ¾-inch wood sheathing, as required by the building code, and I cannot conclude as a matter of law that the present requirement is unreasonable or arbitrary. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 305.)

Even though its validity " be fairly debatable, the legislative judgment must be allowed to control." (*Euclid* v. *Ambler Co.*, 272 U. S. 365, 388.) As was said in *Zahn* v. *Board of Public Works* (274 U. S. 325, 328): " The most that can be said is that whether that determination was an unreasonable, arbitrary or unequal exercise of power is fairly debatable. In such circumstances, the settled rule of this court is that it will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. *Euclid* v. *Ambler Co.*, *supra*, 388, 395; *Radice* v. *New York*, 264 U. S. 292, 294; *Hadacheck* v. *Los Angeles*, 239 U. S. 394, 408-412, 413-414; *Cusack Co.* v. *City of Chicago*, 242 U. S. 526, 530-531; *Rast* v. *Van Deman & Lewis*, 240 U. S. 342, 357; *Price* v. *Illinois*, 238 U. S. 446, 452."

Our Court of Appeals in *Town of Islip* v. *Summers C. & L. Co.* (257 N. Y. 167, 169) reasserted the rule laid down by the Supreme Court of the United States in *Purity Extract Co.* v. *Lynch* (226 U. S. 192, 204) that the invalidity of an ordinance may only be declared if it " passes the bounds of reason and assumes the character of a merely arbitrary fiat " (citing *Euclid*

v. *Ambler Co., supra*), and continuing: " ' If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.' [Citing cases.] " (To the same effect, *McCarter* v. *Beckwith*, 247 App. Div. 289, 292, affd. 272 N. Y. 488, certiorari denied 299 U. S. 601.)

In *Matter of Fox Meadow Estates, Inc.*, v. *Culley* (233 App. Div. 250, affd. 261 N. Y. 506) where a zoning ordinance of a village was challenged as arbitrary, unreasonable, discriminatory and confiscatory, our Appellate Division employed the following applicable language at page 251: " The law is too well settled to make necessary any discussion. The power of a municipality to determine for itself what plans are necessary to promote the public health, morals, safety, and the welfare, convenience and general prosperity of its people is a legislative question, which may not be interfered with by the courts except in rare instances. [Citing cases.] "

I am not unmindful of the commendable desire on the part of the petitioner to help speed the supply of much needed housing, coupled with its wish to effect economies. Nor am I unmindful of the desire of the township and the respondent to secure and maintain reasonable standards of safety in building construction. Upon the record before me, and under the foregoing authorities, the duty of this court is clear.

Moreover, the remedy sought by the petitioner is an extraordinary one, and the judiciary, in the exercise of its discretion or otherwise, should not interfere with the executive department of the government in the exercise of its official duties, unless the right is clear. (*Matter of International Railway Co.* v. *Schwab*, 203 App. Div. 68, 74, appeal dismissed 235 N. Y. 562.) As was said in *Matter of Colonial Beacon Oil Co., Inc.*, v. *Finn* (245 App. Div. 459, 461, affd. 270 N. Y. 591): " A peremptory order of mandamus may be granted only to enforce a clear legal right. The mandamus issues to compel the performance of official duty clearly imposed by law, where there is no other adequate specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy. (*Matter of Burr* v. *Voorhis*, 229 N. Y. 382.) " (See, also, *Matter of Small* v. *Moss*, 277 N. Y. 501, 507; *Matter of Dr. Bloom Dentist, Inc.*, v. *Cruise*, 259 N. Y. 358, 364, motion for reargument denied 260 N. Y. 571, appeal dismissed 288 U. S. 588; *Matter of Leitner* v. *New York Telephone Co.*, 277 N. Y. 180, 186.)

Accordingly the proceeding must be dismissed. Settle order **on notice.**