12 N.J. Super. 20 (1951)
78 A.2d 825
ROY H. TICE AND FRANK H. TICE, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF WOODCLIFF LAKE, IN THE COUNTY OF BERGEN, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1951.
Decided February 13, 1951.
*22 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. G.W.C. McCarter argued the cause for plaintiffs-appellants (Messrs. Freeman & Kroner, attorneys).
Mr. Horace F. Banta argued the cause for defendants-respondents (Messrs. Winne & Banta, attorneys. Mr. Edward G. Evertz, on the brief).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiffs appeal from the adverse judgment entered against them in the Law Division, Bergen County, in this action in lieu of mandamus to require defendants to issue a building permit to plaintiffs. Plaintiffs proposed to build in the Borough of Woodcliff Lake a swimming pool open to the public, to be 400 feet long and 85 feet wide, with bath houses and a refreshment stand, and to equip adjacent open areas for picnicking and the serving of food and soft drinks. The judgment of the Law Division and the determination of the zoning board of adjustment (that board affirmed the building inspector's refusal to issue the permit) were both based on the single ground that the project was an "amusement park" prohibited by the zoning ordinance which provided "no amusement park or circus shall be built or used."
We do not agree that the project contemplated the building of an "amusement park" within the common understanding of what an "amusement park" is. An essential attribute of an "amusement park" is the grouping together in one place of various amusements for pleasurable diversion. See Lone Star Shows, Inc., v. Com'rs. of Sinking Fund of City of Louisville, 294 Ky. 114, 171 S.W.2d 28 (Ct. of Appeals of Ky. 1943); Carrolo v. Zoning Board of Town of Westerly, 67 R.I. 128, 21 A.2d 265 (Sup. Ct. R.I. 1941); Drennen v. Mason, 222 Ala. 652, 133 So. 689 (Sup. Ct. Ala. 1931); McCarter v. Beckwith, 247 App. Div. 289, 285 N.Y.S. 151 (1936); cf. Thayer v. City of St. Joseph, 227 Mo. App. 623, *23 54 S.W.2d 442 (Kansas City Ct. of App. 1932). That attribute is not present here. Actually only one amusement was planned. The facilities for picnicking and refreshment were clearly to be provided, not as amusements of themselves, but as incidents to enhance the attraction of the pool to members of the public enjoying swimming as a pastime. The judgment cannot, therefore, be sustained.
Should this court return the case to the Law Division for further proceedings or, as urged by plaintiffs, with direction to enter judgment in plaintiffs' favor for the relief sought? The pleadings and pretrial order framed another issue which borough counsel urged at the trial should be decided "preliminarily" before coming to the question of "amusement park," but that issue was not determined in the trial court. The issue was whether "the plaintiffs have complied with the ordinances of the Borough relating to the issuance of such permit." The arguments in the briefs on this point are centered largely on the question whether the application and the crude drawings submitted with it comply with the provisions as to form and content detailed in the zoning ordinance and the companion building code.
Plaintiffs urge, on the authority of Reimer v. Dallas, 129 A. 390 (Sup. Ct. 1925, not reported in State Reports), that other reasons for the denial of the permit, even if valid, must be deemed to have been waived because, they contend, the only reason assigned by the borough for the refusal was that the project was an "amusement park" and, that reason being unsound in law, plaintiffs are entitled to relief in this court "ordering the issuance of the building permit applied for." In the Reimer case, Mr. Justice Katzenbach, sitting alone on an application for a writ of mandamus, held that where a municipality at the time of a refusal to grant a permit for the erection of garages made no objection that the application was not in writing and did not object to the sufficiency of the plans submitted, it could not raise either objection for the first time in opposition to the issuance of the writ "* * * as it was not a ground for the refusal. In effect it was waived."
*24 Even if the factual situations were on all fours, which is not altogether free from doubt, we would not be constrained to follow the principle laid down by Reimer v. Dallas. To bar a municipality from raising in the law action other reasons justifying the denial of the permit merely because they were not assigned at the time it was denied would be attended by unfortunate and undesirable consequences. For example, are the plaintiffs to be licensed to erect structures departing from construction standards particularized in the building code? Such may be the logical effect of the holding in the Reimer case. We cannot subscribe to a principle which tends so easily to defeat the vital public interest in safety and health which underlie those standards. If the borough officials in fact grounded their action only on the belief the project was an "amusement park," may we not reasonably assume that they saw no occasion to give time to a close examination of the application and its supporting papers when in their view the proposed structures and use were in any event prohibited by the zoning ordinance? We fail to see why their omission is to have the consequence of foreclosing the borough to defend the plaintiffs' action in the Law Division on other substantial grounds merely because the borough officials thought there was no occasion to determine and specify those grounds when the permit was refused. Cf. Labash v. Board of Embalmers, etc., of New Jersey, 8 N.J. Super. 260 (App. Div. 1950), where this court reversed the refusal of an administrative agency to issue a permit as based upon an invalid regulation and remanded for reconsideration of plaintiff's application in light of other requirements having a bearing on the issuance of a permit; and see Signore v. Rizzolo, 9 N.J. Super. 539 (Law Div. 1950).
If the issue had not been pleaded and specified in the pretrial order as an issue for determination, but had been advanced for the first time in this court, doubtless a different question, which we need not discuss or decide, would be presented. See Hirschorn v. Castles, 113 N.J.L. 277 (Sup. Ct. 1934). It is plain, however, that the circumstances here *25 require that this action be returned to the Law Division for trial of the issue framed by the parties.
As there must be further proceedings in the Law Division, we shall state our views of the effect to be given a new or amendatory zoning ordinance called to our attention at the oral argument. We were advised by counsel for the borough that prior to the trial below a new or amendatory ordinance was enacted by the borough prohibiting swimming pools as such in the district where plaintiffs' premises are located. A valid, applicable and subsisting ordinance precluding plaintiffs' planned project would be a bar in the Law Division to the relief sought by plaintiffs. The decision determining the cause is controlled by the ordinance in effect at the time of the decision and not by the ordinance which was operative when the permit was sought. Concord Garden Apartments v. Board of Adjustment of the City of Englewood, 1 N.J. Super. 301 (App. Div. 1949). We denied the motion of counsel for the borough to supplement the record to put the new or amendatory ordinance in evidence as it was not pleaded or asserted in the pretrial order as a bar to plaintiffs' claimed relief (although enacted, we were informed, before the answer was filed), and plaintiffs have not had an opportunity to challenge its validity or its application in other respects to the issues presented. The new or amendatory ordinance may, however, be put in issue by appropriate steps in the Law Division to accomplish an amendment of the borough's answer (cf. Solomon v. Goldberg, 11 N.J. Super. 69 (App. Div. 1950)) and by the making of a new or amended pretrial order.
Reversed and returned to the Law Division for further proceedings not inconsistent with this opinion.