AMALIA BLELOCH, PROSECUTOR, v. BOARD OF ADJUST-MENT OF MARGATE CITY, NEW JERSEY, DEFEND-ANT.

Argued October 1, 1946—Decided November 7, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Carl Kisselman.*

For the defendant, *Enoch A. Higbee, Jr.*

The opinion of the court was delivered by

BODINE, J. The question in this case is: was the action of the Board of Adjustment in refusing to recommend a certificate of occupancy in variance of a zoning ordinance of the City of Margate City capricious and arbitrary? We think it was.

The prosecutor is the owner of an apartment house building, the construction of which was started in the fall of 1930 after a properly issued permit. The cost of the building was in excess of $28,000, and it has now a replacement cost far in

excess of that. About the time that the building permit was issued a zoning ordinance was adopted. The area in which prosecutor's property stands is restricted to single family dwellings and certain other uses, not including apartment houses. The structure contains three apartments and a basement. Two of the apartments are on the first floor. They are identical and each was complete in itself. Each contains four rooms and bath. There is some dispute as to whether they each contained kitchens as originally constructed. The front entrance of the house opens into a foyer. Each of the first floor apartments opens thereon; each has a separate rear door and exit to stairs which lead to the basement and a rear entrance to the building. The third apartment is larger. It includes the entire second floor and a half story above. The building is a large one and well constructed of concrete blocks and brick.

The testimony shows that it is one of the best built buildings in the city and is not useful or usable as a single dwelling. The owner and builder occupied the large apartment and relatives occupied each of the smaller ones. This continued until her death. During the last war the building was taken over by the Coast Guard and certain structural changes were made within for the accommodation of the men.

Prosecutor appealed to the Board's power under subdivision (d) of *R. S.* 40:55–39. The function of the Board is advisory. It is, however, under a duty to arrive at a reasonable and just result after considering the particular circumstances of each case and to so advise the governing board. *Potts* v. *Board of Adjustment, Princeton,* 133 *N. J. L.* 230. To refuse the certificate of occupancy is tantamount to a revocation of the permit under which the structure was built. The building was constructed under a valid permit. There is not a suggestion that such permit was obtained by fraud or deceit. It was fairly granted. The property was inspected during its construction. It is only suitable for apartment house purposes of a limited nature. Large sums of money were expended upon the building and the present owner purchased in good faith.

The refusal to recommend to the governing body a variance seems arbitrary and unconscionable. The proofs indicate no legal evidence to justify the action complained of. *Schnell* v. *Township Committee of Ocean,* 120 *N. J. L.* 194. It seems clear that the landowner has overcome the presumption of a lawful exercise of power by the Board of Adjustment.

The refusal by the Board of Adjustment of the recommendation of a permit is set aside, with the direction that it proceed to recommend to the governing body of the city that a certificate of occupancy for apartment house purposes be granted. The judgment shall carry costs.