Plaintiffs challenge the validity of (1) a resolution of the Board of Adjustment recommending the granting of a zoning variance to Cordon Motors, Inc., and (2) the resolution of the mayor and council of defendant borough approving such recommendation, upon the ground there was no proof by the applicant of special reasons which would justify relaxing the strict application of the zoning regulations and thus prevent infliction of exceptional and undue hardship upon the applicant.
The board of adjustment and the borough council acted under the authority granted by statute, R.S. 40:55-39, subdivision d, asamended, P.L. 1948, Chapter 305. The statute, before amendment, was interpreted in Brandon v. Montclair,124 N.J.L. 135, affirmed 125 N.J.L. 367. Mr. Justice Heher pointed out that the legislative purpose was "to condition the exercise of the power thus saved in subsection d by the particular standard prescribed by subsection c. It is of the essence of the statutory scheme that the board of adjustment shall have exclusive authority, upon appeal in a `specific case,' to grant `such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special *Page 640 
conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship,' to the end that `the spirit of the ordinance shall be observed and substantial justice done.'"
It seems safe to say that while the amendment of 1948 broadened somewhat the power of boards of adjustment, it did not affect the limitations on the exercise of that power as contained in the statute before amendment. The interpretation of the statute in the Brandon case still controls, and the jurisdiction to grant a variance is to be exercised only where, due to special conditions, a literal enforcement of the ordinance would result in exceptional and undue hardship upon the property owner.
There was no proof of special reasons or exceptional and undue hardship before either the board of adjustment or the mayor and council.
The proceedings before the board were brief. The application of Cordon Motors, Inc., to erect a building for the purpose inter alia of selling gasoline, was presented. The discussion took the line that similar variances had been granted and therefore this one should be; tax revenue would be increased; the proposed building would be an asset to the town, and an exception should be made because the applicants were exservice men. Whereupon the board adopted the following resolution:
"WHEREAS after due consideration of this application, a motion was made by George Silcox and seconded by Kurt Akerston that the exception be granted, governed by the following statement: That this building will be built according to the plans presented to the Board and that no gas pumps will be placed in operation until such time as said building is complete in all respects.
"This petition as stated above is approved in the interest of the Borough of North Arlington and subject to the approval of the Mayor and Council."
The matter came on to be heard at a regular meeting of the mayor and council, at which time the applicant and the objectors were heard. No proof was presented of any special reasons or exceptional and undue hardship. After an extended meeting the following resolution was adopted: *Page 641 
"WHEREAS, it appears that Cordon Motors, Inc. of North Arlington, New Jersey, has heretofore made application to the Board of Adjustment for a variance from Section 8, Paragraph (4) of the Zoning Ordinance prohibiting the erection of gasoline filling stations within 1,000 feet of each other and thereby permitting it to erect a building on the Southwest corner of Jauncey Avenue and Ridge Road to be used for the sale of automobiles, auto accessories, gasoline and for automobile maintenance; and
"WHEREAS, pursuant to said application, in accordance with the statute made and provided, the Board of Adjustment did on Tuesday, November 30, 1948, conduct a public hearing, at the conclusion of which the said Board of Adjustment did adopt a resolution recommending to the Mayor and Council that such variance be granted and a building permit be issued on the condition that the aforesaid building be erected in accordance with the plans presented to the Board and that no gas pumps will be placed in operation until such time as said building is complete in all respects; and
"WHEREAS, it further appears that said recommendation was presented to the Mayor and Council at a meeting held on December 14, 1948, at which time it appeared that Arthur J. O'Connor and Joseph Calo, owners of property within an area of 200 feet of the proposed building, interposed an objection to the granting of said permit; and
"WHEREAS, at said meeting, the Mayor and Council fixed December 21st, 1948 at 8 P.M., as the time when a hearing would be conducted on said application and recommendations; and
"WHEREAS, it appears that at the hearing of said matter, testimony was adduced on behalf of the applicant and on behalf of Arthur J. O'Connor and Joseph Calo, as objectors; and
"WHEREAS, it further appears that the testimony disclosed that the proposed building would be erected at an estimated cost of $60,000.00, and that it would be used for the sale of new automobiles, auto accessories and gasoline and also to be used for automobile maintenance and repairs; and
"WHEREAS, it further appeared from testimony that several exceptions to the prohibitions contained in the Zoning Ordinance had been previously granted, either by the Board of Adjustment or the Mayor and Council, and that several gasoline stations on Ridge Road were in fact, within 1,000 feet of each other contrary to the terms and provisions of the Zoning Ordinance; and
"WHEREAS, at the conclusion of said hearing, the matter was tabled until December 29, 1948; and
"WHEREAS, the Mayor and Council are of the opinion that special reasons exist why a variance to Section 8, Paragraph (4) of the Zoning Ordinance should be granted; and
"WHEREAS, the Mayor and Council are of the opinion that the granting of said permit would be to the best interests of the Borough of North Arlington; *Page 642 
"NOW, THEREFORE, BE IT RESOLVED, by the Mayor and Council of the Borough of North Arlington that in accordance with the recommendations of the Board of Adjustment of this Borough adopted on Tuesday, December 30, 1948, Cordon Motors be and it is hereby granted a variance to Section 8, Paragraph (4) of the Zoning Ordinance prohibiting the erection of gasoline filling stations within 1,000 feet of each other, and that Cordon Motors, Inc., be and it is hereby granted a permit to erect a building at the Southwest corner of Jauncey Avenue and Ridge Road in accordance with plans presented to the Board of Adjustment and the Mayor and Council, which said building is to be used for the sale of automobiles, auto accessories and gasoline and also to be used for automobile maintenance and repairs on the condition, however, that no gasoline pumps shall be placed in operation in and upon such premises until such time as the entire building is completed in all respects and used for the purposes hereinabove stated; and
"BE IT FURTHER RESOLVED, that a certified copy of this resolution be forwarded to the building inspector of this Borough and that he is hereby authorized and directed to issue a permit in accordance with the intent and purpose of this resolution."
There was no finding upon evidence before either the board of adjustment or the mayor and council that for special reasons a strict application of the zoning regulations would result in exceptional and undue hardship to the defendant Cordon Motors, Inc. Such a finding is a jurisdictional prerequisite to the adoption of the resolution by the board of adjustment. Brandonv. Montclair, supra; Giordano, Prosecutor, v. The City Commissionof the City of Newark et al., 2 N.J. Super. 45 (App.Div.)
The fact that several variances to the regulations contained in the zoning ordinance had been previously granted either by the board of adjustment or the mayor and council or that gas stations on Ridge Road are within a thousand feet of each other contrary to the ordinance gives no support to the resolutions here challenged. It is not a sufficient ground for a variance that other variances have been permitted. "If that were so, one variation would sustain if it did not compel others, and thus the general regulation would eventually be nullified." Scaduto v.Bloomfield, 127 N.J.L. 1.
The regulation that there be a thousand feet between gasoline service stations on Ridge Road is not, in the circumstances, unreasonable. Ridge Road is a segment of State Highway *Page 643 
Route 17, one of the main and heavily traveled highways in northern New Jersey. At twenty miles an hour, gasoline stations spaced at a thousand feet are but approximately thirtythree seconds apart.
The resolution of the board of adjustment recommending the variance, and the resolution of the mayor and council approving the recommendation under review are set aside.