45 N.J. Super. 585 (1957)
133 A.2d 389
AUGUST CELLA AND BEATRICE CELLA, PLAINTIFFS,
v.
TOWNSHIP OF CEDAR GROVE, BOARD OF ADJUSTMENT OF TOWNSHIP OF CEDAR GROVE, HENRY LOWE AND ELIZABETH LOWE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 20, 1957.
*587 Mr. Myron W. Kronisch argued the cause for the plaintiffs.
Mr. Joseph M. Nolan argued the cause for defendant Township of Cedar Grove.
Mr. John D. Leslie, Jr., argued the cause for defendant Board of Adjustment of Township of Cedar Grove.
Mr. Joseph Bigel argued the cause for defendants Henry Lowe and Elizabeth Lowe (Messrs. Bruck and Bigel, attorneys).
WAUGH, J.S.C.
This is an action in lieu of prerogative writ wherein the plaintiffs seek to reverse the action of the Board of Adjustment of Cedar Grove whereby that body issued a certificate of occupancy to defendants Henry and Elizabeth Lowe, covering premises at No. 2 Robin Lane, Cedar Grove. By crossclaim, the defendant Township of Cedar Grove seeks the same relief.
The plaintiffs and the defendant Township of Cedar Grove now each move for summary judgment against the defendants Henry and Elizabeth Lowe and the Board of Adjustment of Cedar Grove; the plaintiffs moving on their complaint and the township on its crossclaim.
The crux of this dispute is whether or not the board of adjustment had jurisdiction to entertain an appeal by the Lowes from the refusal of the township building inspector to issue them a certificate of occupancy for the premises here involved. The board ruled that it had power of review in the matter and issued the certificate. By its answer in this action the board of adjustment contends, inter alia, that its power stems from N.J.S.A. 40:55-39. The pertinent part of this statute is as follows:
"The board of adjustment shall have the power to: a. Hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative official or agency based on or made in the enforcement of the zoning ordinance."
*588 Additionally, the board urges that N.J.S.A. 40:55-1.39 and 1.40 empowered it to entertain the appeal here under review. In making this contention the board argues that although the certificate of occupancy is not specifically mentioned in these sections of the Official Map and Building Permit Act (1953) (L. 1953, c. 434, p. 2186, N.J.S.A. 40:55-1.30-1.42), a building permit and certificate of occupancy are so integrally related that the power of the board to hear appeals from denials of permits under N.J.S.A. 40:55-1.40 vests it with similar jurisdiction where certificates of occupancy are refused.
The Lowes agree essentially with the position of the board of adjustment in this regard; they, too, urge that the board had jurisdiction.
It is not difficult to perceive the interest of the plaintiffs and their motive underlying the complaint filed here. By virtue of a consent judgment in an earlier Chancery action, these plaintiffs were declared to be the owners of that tract of land known as Robin Lane  a right-of-way 20-feet wide running from Pompton Avenue to the nearest point of property (Block 110, Lots 74-79) owned by Mr. and Mrs. Lowe, a total distance of some 578 feet. It certainly will be to the plaintiffs' advantage to have the right-of-way improved. This must be done if the various statutes applicable to subdivision and building permits are strictly followed. See N.J.S.A. 40:55-1.39, 40:55-1.21. If Mr. and Mrs. Lowe must bear the expense of these improvements, plaintiffs' property will increase in value without cost to them.
On February 14, 1955 Mr. Lowe applied to the Cedar Grove Planning Board for a subdivision of Block 110, Lots 74-79, part of which is the property here in controversy. This application was classified by the board as a "major subdivision." (See Article IV, Subdivision Ordinance of Cedar Grove.) It is to be noted, however, that the Lowes now claim that the classification of the proposed subdivision as "major" was in error.
On April 11, 1955 the planning board gave preliminary approval of the subdivision. This did not authorize Mr. *589 Lowe to build upon the property tentatively or preliminary approved for subdivision. N.J.S.A. 40:55-1.18 (see affidavit of secretary of planning board annexed to motion of Township of Cedar Grove). Final approval of the plot was necessary before building would be authorized, and this would, of course, be subject to performance of the conditions of the subdivision. N.J.S.A. 40:55-1.21, 1.22.
Notwithstanding the failure of Mr. Lowe to obtain final approval of the subdivision, on July 2, 1955 he applied for and, inexplicably, obtained a building permit granting him the right to erect a $12,000, one and one-half story residential building at No. 2 Robin Lane. This permit was renewed on May 7, 1956. It was brought out at oral argument that he had obtained a building permit for another house, which was thereafter built and sold by him after he had gotten a certificate of occupancy for it. In October 1956 Mr. Lowe contracted to sell the house at No. 2 Robin Lane as well. (It is for this house that he finally received the certificate of occupancy which resulted in the present litigation.)
The certificate of occupancy was refused by the building inspector. On November 6, 1956 Mr. Lowe appeared before the township planning board, presumably to appeal the refusal of the building inspector to issue the certificate of occupancy. On November 7, 1956 the planning board advised Mr. Lowe that his application for a certificate was denied. Its suggestion was that he follow through on the subdivision before pursuing other avenues to obtain the certificate, and it was recommended that he consult with the town council at the next staff meeting to arrange for a temporary certificate of occupancy conditional upon the completion of the necessary improvements of Robin Lane. A meeting with the township council eventuated on November 19, 1956, and the Lowes appeared through counsel. The township council agreed to give a temporary certificate of occupancy subject to certain conditions. Presumably, the fulfillment of these conditions would have *590 brought about final approval of the subdivision and the issuance of a permanent certificate of occupancy.
Mr. Lowe refused to meet the conditions of the township council which were conveyed through its counsel, and the negotiations terminated. Mr. and Mrs. Lowe were notified by the building inspector by letter dated December 5, 1956 that he was formally denying their application for a certificate of occupancy, thus complying with R.R. 4:88-15. Shortly thereafter, the exact date not being part of the record before me, the Lowes reapplied to the building inspector for a certificate of occupancy, and he summarily denied their application by virtue of the reason set forth in the letter of December 5, 1956, to which he referred as the basis for his refusal.
Subsequent to this second refusal the Lowes, through their attorney, purportedly withdrew their subdivision application filed with the Cedar Grove Planning Board. That body, through its secretary, wrote counsel for Mr. and Mrs. Lowe by letter of January 24, 1957 that its determination was that they had violated the subdivision ordinance and that the only way to properly proceed was for the Lowes to file plans for final approval of the subdivision for the board's consideration. It further stated that it concluded it did not lose the right to its authority over subdivisions within the township merely because the applicants withdrew their plans.
On January 15, 1957 Mr. and Mrs. Lowe appealed to the Board of Adjustment of Cedar Grove from the refusal of the building inspector to grant them a certificate of occupancy. This board ruled that it had jurisdiction to entertain the appeal, and on March 18, 1957 ordered the building inspector to issue a certificate of occupancy to the Lowes.
This action by the board of adjustment resulted in the commencement of this suit on February 6, 1957, when a verified complaint was filed. A temporary restraint was issued contemporaneously with the filing of the complaint, thereby enjoining the board of adjustment and the township *591 or any of its agents from issuing a certificate of occupancy and also enjoining the Lowes from using it if it were issued. On February 15, 1956, after hearing on a motion duly argued, this restraint was lifted. On March 18, 1957 the board of adjustment held a rehearing and adopted a resolution, the pertinent part of which is as follows:
"THEREFORE, BE IT RESOLVED, that this Board, under the powers vested in it under N.J.S.A. 40:55-1.40 hereby grants an exception from the enforcement of N.J.S.A. 40:55-1.39 to the applicants, Henry and Elizabeth Lowe and hereby directs the Building Inspector of the Township of Cedar Grove to issue a Certificate of Occupancy to the applicants, Henry and Elizabeth Lowe, which Certificate of Occupancy is to include and encompass the property known and designated as No. 2 Robin Lane consisting of Lots 74-79 located on the northeast corner of the intersection of Robin Lane and Robin Lane." (Brief on behalf of plaintiffs, page 1)
In addition to the above-mentioned facts, the following are noteworthy: At the time of the issuance of the permit there was no contract for sale of the premises; on January 11, 1957 there was an outstanding contract for sale which was dated October 1956, and which covered the same premises as the permit, i.e., Block 110, Lots 74-79; this contract was formally cancelled by a writing dated February 1, 1957.
The Lowes, through their attorney, unequivocally upon the record in this case, completely abandon any subdivision of their property. I state this so there may be no suggestion later that I should have attempted, in accordance with the spirit of our practice, to help find a more equitable solution to the perplexing problem presented here. One house has been built and occupied and another has been built, apparently without any move by the township to halt the erection of either. Obviously, some sensible solution must eventually be worked out. That solution, however, cannot be by the erratic method which has been employed by the Lowes. They have tried to travel down two separate paths at the same time. They could have appealed to this court at several junctures, but chose at each barrier they *592 met to seek a new remedy at the municipal level. Obviously, they too were avoiding an expenditure to improve this road in conformance with the township requirements.
First, the Lowes applied for a subdivision and received a preliminary approval therefor. See Cedar Grove Planning Ordinance and N.J.S.A. 40:55-1.1 et seq. especially sections 1.13, 1.14, 1.17, 1.18, 1.19, 1.21, 1.22 and 1.23. At this stage, and without complying with N.J.S.A. 40:55-1.39, Mr. Lowe obtained a building permit. It is clear to me that this permit was not validly issued. The attempt of the defendants to put this question in issue by the statement of Mrs. Lowe that it was lawfully issued is unavailing here, since her averment is but a conclusion of law. Secondly, even assuming that the permit was lawful, the appeal from a refusal to issue a certificate of occupancy, after a building permit has been issued pursuant to N.J.S.A. 40:55-1.39, is not to the board of adjustment for reasons which I will state hereafter.
When the building was completed Mr. Lowe attempted to get a certificate of occupancy. The discrepancy in the record was discovered and the certificate was refused. The planning board, in an apparent attempt to clarify the record, suggested an application for final approval. The Lowes did not choose to pursue this path, but next applied to the township council for a certificate of occupancy. Admittedly, this was at the behest of the planning board, which suggested a temporary certificate conditioned upon performance of certain improvements. The Lowes were unwilling to accept these conditions, and thereafter turned to the board of adjustment in a renewed effort to obtain the certificate of occupancy.
Nowhere in this entire record is there the slightest suggestion that this case involves a zoning problem. Notwithstanding this patent fact, counsel for the board of adjustment proffers this ingenious argument:
"The Board of Adjustment found that there was no violation of a zoning ordinance in the instance presented, concluded that there was error in the denial of the Inspector to issue the certificate of *593 occupancy, and, it is submitted, therefore rightfully acted under the power granted it by N.J.S.A. 40:55-39." (Brief on behalf of board of adjustment, p. 2.)
No doubt the board of adjustment could have reached the conclusion that there was no violation of a zoning ordinance, and therefore the refusal of a certificate of occupancy could not be justified on the basis of non-compliance with the zoning provisions. But obviously the refusal was not predicated upon an infraction of the Zoning Act; it was occasioned by non-compliance with the requirements of sub-division, namely, lack of proper street facilities. This was not even remotely connected to a zoning case. The board of adjustment urges that Bleloch v. Board of Adjustment of Margate City, 134 N.J.L. 564 (Sup. Ct. 1946), is authority for its position here. In that case a building permit for a three-family apartment house had been lawfully issued. After the permit was issued, a zoning ordinance was adopted placing the property in a single-family zone. The building inspector refused a certificate of occupancy and the board of adjustment overruled him. That was clearly a zoning case. Indeed, the application took on many of the aspects of the usual variance case, and since the property had no other suitable use than for an apartment house, the refusal of the board of adjustment to recommend a certificate of occupancy was reversed by a judgment of the Supreme Court. (See N.J.S.A. 40:55-39, as it existed in 1946).
It is clear to me that the case at bar does not fall within the rule of the Bleloch case. N.J.S.A. 40:55-39 does not give a board of adjustment jurisdiction to hear appeals from a refusal to issue a certificate of occupancy, absent the issuance of a lawful building permit and a real case of zoning involvement.
Turning now to the contention that N.J.S.A. 40:55-1.39 and 1.40 give jurisdiction, it is seen that section 1.40 gives a right of review to the board of adjustment where building permits are denied. The pertinent words of which are as follows:
*594 "Where the enforcement of sections nine and ten of this act would entail practical difficulty or unnecessary hardship, or where the circumstances of the case do not require the structure to be related to a street, the applicant for the permit may appeal from the decision of the administrative officer having charge of the issuance of permits to the board of adjustment * * *."
It is clear from Phillips v. Board of Adjustment of Town of Westfield, 44 N.J. Super. 491 (App. Div. 1957), that this is the total jurisdiction given to the board of adjustment under that particular section, especially since Judge Freund, speaking for the court, says that the language "* * * and the same provisions shall apply to such appeals and to such board or body as are provided in cases of appeals in respect to zoning regulations," only refers to the procedural requirements of the zoning act, N.J.S.A. 40:55-30 et seq. Ibid., 44 N.J. Super., at page 498. There is no enlargement of the jurisdiction of the board of adjustment to issue certificates of occupancy notwithstanding their power to grant the building permits. In the absence of such an express provision, the appeal from the denial of a certificate of occupancy must be by way of action in lieu of prerogative writ. This remedy is available in accordance with R.R. 4:88-15.
In the Phillips case, supra, the court pointed out that the Legislature adopted the most recent amendment to N.J.S.A. 40:55-39 contemporaneously with its passage of N.J.S.A. 40:55-1.30 through 1.40 and said:
"It is apparent that the Legislature did not intend the application of the Zoning Act and of the Official Map and Building Permit Act to be identical in all cases. Zoning and planning legislation is cognate and complementary, but each legislative provision is to be construed in the light of its own unique purposes and objects. For a discussion of the distinction between zoning and planning, see Mansfield & Swett, Inc. v. West Orange, 120 N.J.L. 145, 149 (Sup. Ct. 1938)."
After consideration of all the pleadings before me, as well as a consideration of the arguments of and briefs submitted by counsel, I conclude that the Cedar Grove *595 Board of Adjustment was without power to pass the resolution of March 18, 1957, ordering the issuance of a certificate of occupancy for No. 2 Robin Lane.
Of course, it may very well be that the plaintiffs here are estopped to contest the jurisdiction of the board of adjustment, because there is some indication in the record they were aware that the individual defendants were having the residence built at No. 2 Robin Lane. However, inasmuch as I conclude that the Township of Cedar Grove is not estopped from contesting this jurisdiction, I need not pass upon the issue of estoppel as it relates to the plaintiffs. Since the problem presented here obviously must reach some satisfactory conclusion to all concerned, it will be proper for the Lowes to reinstitute and pursue their remedies to a conclusion at the municipal level, and thereafter, continue by way of appeal, if necessary, to the appropriate appellate forum. The Lowes can proceed in either of two courses. They can attempt to get approval of the subdivision, or they can get a properly issued building permit. Whichever of these courses are taken, the one chosen should be pursued to its proper conclusion.
Ordinarily, procedural defects will be waived, but this is not so where the agency making the ruling was totally lacking in jurisdiction.
Since I conclude that the board of adjustment had no jurisdiction to entertain the appeal of the building inspector's denial to issue a certificate of occupancy, I need not pass upon the myriad of other issues which these parties have caused to be brought into this action.
An order for judgment can be presented in accordance with the above-stated views.