91 N.J. Super. 111 (1966)
219 A.2d 335
OLIVER D. NOBLE AND ELLA D. NOBLE, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
CHAIRMAN AND MEMBERS OF THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MENDHAM, A MUNICIPAL CORPORATION OF NEW JERSEY, AND PLANNING BOARD OF THE TOWNSHIP OF MENDHAM, DEFENDANTS-RESPONDENTS. OLIVER D. NOBLE, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF MENDHAM, A MUNICIPAL CORPORATION OF THE COUNTY OF MORRIS AND STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1965.
Final Brief Filed June 30, 1965.
Decided April 26, 1966.
*113 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Oliver D. Noble, pro se, argued the cause for appellants.
Mr. Alten W. Read argued the cause for respondents (Messrs. Schenck, Price, Smith and King, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by plaintiffs from adverse judgments entered in the Law Division in two separate actions which were consolidated for the purpose of this appeal.
Plaintiffs Oliver D. Noble and Ella D. Noble, his wife, own a tract of land located in Mendham Township which is zoned for residential use. On October 1, 1958 they applied to the planning board for approval of the tract as a minor subdivision. They sought to divide the property into four lots, three of which would front on Shores Road. The fourth lot, an interior lot, was to be conveyed to an adjoining landowner after subdivision approval.
The land subdivision ordinance of Mendham Township then in effect classified subdivisions of real property as "major" and "minor" and were defined in article IV as follows:
*114 "4. Minor Subdivision. Any subdivision containing not more than 5 lots fronting on an existing minor street, not involving any new street or the extension of municipal facilities and not adversely affecting the development of the remainder of the parcel or adjoining property and not in conflict with any provision or portion of the master plan, official map, zoning ordinance or this ordinance.
5. Major Subdivision. All subdivisions not classified as minor subdivisions."
The planning board rejected plaintiffs' application on the ground that Shores Road was not recognized as a township or public road. The board indicated it would reconsider the application if plaintiffs could submit proof that it was a public road.
At a meeting of the planning board on December 17, 1958 plaintiffs presented a road return for Shores Road recorded on February 23, 1803 in the office of the Morris County Clerk. Thereafter, at various conferences and meetings with the planning board and township committee, plaintiffs sought approval of their plan as a minor subdivision.
On June 15, 1960 the planning board adopted a resolution approving plaintiffs' plan as a minor subdivision but imposed two conditions, namely, (1) that a notation be placed on the plat map that no building permits would be issued for any lots thereon until Shores Road was suitably improved in accordance with the Official Map and Building Permit Act (N.J.S.A. 40:55-1.30 et seq.), and (2) that an adjoining lot owned by plaintiffs be included as part of the subdivision. Thereafter, the planning board resolution was approved by the township committee.
Plaintiffs brought an action in lieu of prerogative writs challenging the resolution. The Law Division held that the planning board had no right to impose the conditions. However, it refused to order that plaintiffs' application for approval of their plat as a minor subdivision be granted, and remanded the case to the planning board for a further hearing.
Plaintiffs appealed to this court. On June 10, 1963, while the appeal was pending, the township amended its subdivision *115 ordinance changing the definition of and requirements for approval of a plat as a minor subdivision. Article IV was amended as follows:
"4. Minor Subdivision. A minor subdivision is one of the following:
(a) Any subdivision of a lot, tract or parcel into not more than five (5) lots, all of which front on an existing improved street and all of which are adequately drained; not involving a new street or the extension of municipal facilities; and not adversely affecting the development of the remainder of the parcel or adjoining property; and not in conflict with any provision or portion of the Master Plan, Official Map, or Zoning Ordinance, or this ordinance; or
(b) Any subdivision of a lot, tract or parcel into two lots for the sole purpose of merging one of the subdivided lots with an adjoining lot, tract or parcel provided all the following conditions are complied with:
(1) The remaining subdivided lot fronts on an existing improved street and conforms to the zoning ordinance.
(2) The adjoining lot, tract or parcel fronts on an existing improved street.
(3) The merging lot, although not required to front on an existing street or conform to the size or area requirements of the zoning ordinance, when combined with the adjoining lot forms a single lot, tract or parcel which is not in conflict with the zoning ordinance.
(4) The subdivision will not adversely affect the development of the remainder of the subdivided parcel or the adjoining property and is not in conflict with any portion of the master plan, official map or this ordinance.
(5) The newly formed combined lot resulting from the combination of the merging lot and the adjoining lot is adequately drained.

* * * * * * * *
17. Existing Improved Street as Applied to Minor Subdivision. Any street, avenue, boulevard, road, lane, parkway, viaduct, or alley, or other way which is an existing state, county, or municipal roadway presently maintained by the state, county or municipality; and which by reason of its condition can be traversed at all times of the year by modern motor vehicles and provides adequate access for fire-fighting equipment, ambulances, and other emergency vehicles necessary for the protection of health and safety."
Plaintiff Oliver D. Noble brought a second action in lieu of prerogative writs challenging the validity of the amendment. The court upheld the ordinance as amended, and Noble appealed.
All parties agree that the effect of the amendment is to render plaintiffs' proposed subdivision "major" rather than *116 "minor" because Shores Road is not an existing improved street presently maintained by the township, and it cannot be traversed by motor vehicles, fire-fighting equipment, ambulances and other emergency vehicles.
It is also obvious that if the amendment to the subdivision ordinance is valid, the issues raised by plaintiffs for a reversal of the prior judgment need not be determined. It is well settled that the ordinance in effect at the time the case is ultimately decided is controlling. Hohl v. Readington Tp., 37 N.J. 271, 279 (1962); Tice v. Borough of Woodcliffe Lake, 12 N.J. Super. 20, 25 (App. Div. 1951). Accordingly, we shall consider first the appeal from the judgment upholding the validity of the amendment to the ordinance.
Plaintiff contends that article IV, as amended, is illegal because it empowers the planning board to compel a subdivider, as a condition precedent to subdivision approval, to improve a public street fronting on his property. He alleges that the definition of "existing improved street" set forth in article IV, paragraph 17 of the amendment is discriminatory and illegal because it attempts to create classes of public streets having different standards of condition. He further alleges that the condition that an adjoining tract of land, with which a subdivided lot is to be merged, must front upon an existing improved street, is unreasonable and capricious.
We do not agree. The amendment does not empower the planning board to compel a subdivider to improve an existing public road as a condition for approval of a subdivision. It merely designates and defines those subdivisions, described as "minor subdivisions," which are to be classified as exempt from the further procedures and requirements of the ordinance for tentative and final approval as nonexempt "major" subdivisions. Authority for the classification of subdivisions as exempt or nonexempt, sub nom. "minor" or "major," is granted to the municipal governing body by N.J.S.A. *117 40:55-1.14. See Kotlarich v. Ramsey, 51 N.J. Super. 520 (App. Div. 1958). The statute permits the municipality by ordinance to require subdivision approval by the planning board, in lieu of the governing body, in accordance with the regulations, requirements and standards established by the governing body. It further provides:
"Any such ordinance may exempt from the requirement of local municipal approval, subdivisions wherein the number of new lots is less than a designated number, or plats that do not involve new streets, or such other classes of subdivisions as such ordinance shall designate. * * *"
Mendham Township adopted its subdivision ordinance under the authority granted by N.J.S.A. 40:55-1.14. Power of approval or disapproval of subdivisions was given to the planning board, subject to the regulations, requirements and standards laid down by the governing body in the ordinance. The ordinance further provided for classification of proposed subdivisions as minor or major (exempt or nonexempt). The 1963 amendment merely changed the requirements of a subdivision necessary to be classified as exempt.
The permissive language of N.J.S.A. 40:55-1.14, "Any such ordinance may exempt * * *" clearly indicates that there is no obligation on the part of a municipality to create an exempt classification. It can, in fact, require that all proposed subdivisions be classified as nonexempt or major subdivisions. Furthermore, great flexibility is granted to the municipality by the statute if it determines to create an exempt classification. Witness the language 
"Any such ordinance may exempt from the requirement of local municipal approval * * * such other classes of subdivisions as such ordinance shall designate. * * *"
We find nothing illegal or unreasonable in the provisions of the 1963 amendment establishing a standard for *118 classification for minor or exempt subdivisions. It is a matter of public interest that streets be of sufficient width and suitable to accommodate motor vehicle traffic and to provide access for fire-fighting equipment and other emergency vehicles. We believe it is reasonable for a municipality to require, as a condition for classification of a subdivision as minor or exempt, that the subdivision shall front upon an existing improved street maintained by the state, county or municipality and providing for such access. We conclude that the 1963 amendment to the subdivision ordinance is reasonable and valid.
Our determination that the ordinance, as amended, is valid will dispose of this appeal. However, since defendant has indicated that subdivision approval would be denied, even if submitted as a major subdivision, we believe that in fairness to the parties we should deal with an issue raised below, upon which proofs were taken and which has been briefed and argued on appeal.
Plaintiff argued below and on appeal that the road adjoining his property is a public road and he cannot be compelled to improve it as a condition for subdivision approval. Defendant denies it is a public road and contends that since there is no means of access to the property for motor vehicles, fire-fighting equipment and emergency vehicles, subdivision approval can be withheld.
It is undisputed that the road, as shown on plaintiff's subdivision plat, is impassable and will not permit access by motor vehicles. Moreover, the trial court found from the evidence submitted that the proofs failed to establish that it was part of a public road laid down as Shores Road in the road return filed in 1803, which road has not been maintained by the township.
Regardless of the nature of Shores Road, we believe that the planning board is authorized to condition approval of the proposed subdivision on the subdivider's ability to comply with the Official Map and Building Permit Act, *119 N.J.S.A. 40:55-1.30 et seq.[1] The Municipal Planning Act, N.J.S.A. 40:55-1.1 et seq., and the Official Map and Building Permit Act are in pari materia and must be read together. Phillips v. Bd. of Adjustment of Westfield, 41 N.J. Super. 549 (Law Div. 1957), reversed on other grounds Phillips v. Westfield Bd. of Adjustment, 44 N.J. Super. 491 (App. Div. 1957), certification denied 24 N.J. 465 (1957). The planning board's duty is to protect the public and future owners of property in the subdivision by requiring, among other conditions, adequate road facilities. The Official Map and Building Permit Act similarly protects the public and future owners by conditioning the grant of a building permit on certification by the governing body that the building lot abuts a suitably improved street. N.J.S.A. 40:55-1.39. In cases of hardship appeal lies to the board of adjustment. N.J.S.A. 40:55-1.40. See Phillips v. Westfield Bd. of Adjustment, 44 N.J. Super. 491 (App. Div. 1957), certification denied, 24 N.J. 465 (1957).
We believe the planning board is authorized to condition approval on the ability of the subdivider to comply with the Official Map and Building Permit Act in furtherance of its duty to impose "other conditions in the public interest." N.J.S.A. 40:55-1.20. The Municipal Planning Act exists to "facilitate sound and orderly future municipal growth along preconceived lines." Lake Interval Homes, Inc. v. Parsippany-Troy Hills, 28 N.J. 423, 435 (1958); Levin v. Livingston Tp., 35 N.J. 500, 507 (1963). Where a proposed subdivision requires action by divers municipal agencies, it would be the antithesis of "a systematic development contrived to promote the common interest," Mansfield & Swett, *120 Inc. v. Town of West Orange, 120 N.J.L. 145, 149 (Sup. Ct. 1938), to hold that the planning board cannot act as a coordinating body.
We have concluded that the judgment of the Law Division in the action brought by Oliver D. Noble challenging the 1963 amendment to the subdivision ordinance should be affirmed. Since this controls the determination of the first action brought by Oliver D. Noble and Ella D. Noble, the appeal in that case will be dismissed. The cases will be remanded to the Law Division for the entry of judgment consistent with this opinion.
NOTES
[1] We note that the planning board is required to withhold approval of a proposed subdivision until "the streets shall be of sufficient width and suitable grade and suitably located to accommodate the prospective traffic, and to provide access for firefighting equipment * * *" N.J.S.A. 40:55-1.20. Apparently, that action only relates to "the tract" constituting the proposed subdivision. However, we need not reach that question. See Medine v. Burns, 29 Misc.2d 890, 208 N.Y.S.2d 12 (Sup. Ct. 1960).